Argued and submitted December 20, 2016, reversed and remanded
February 1, 2017

Patrick FEATHERSTONE
and Donald Moffett,
*Plaintiffs,*
*and*

James PARKER,
*Plaintiff-Appellant,*

*v.*

Beckie CAPOFERRI,
*Defendant,*
*and*

SERVICE EMPLOYEES
INTERNATIONAL UNION LOCAL 503,
OREGON PUBLIC EMPLOYEES UNION,
*Defendant-Respondent.*

Marion County Circuit Court
13C24603; A160164

389 P3d 1178

R. Grant Cook argued the cause for appellant. With him on the briefs were Kevin T. Lafky and Lafky & Lafky.

James S. Coon and Swanson, Thomas, Coon & Newton filed the brief for respondent.

Before Sercombe, Presiding Judge, and DeHoog, Judge, and Haselton, Senior Judge.

**SERCOMBE, P. J.**

Plaintiff James Parker (Parker) appeals the trial court's limited judgment, asserting that the court erred in dismissing his employment discrimination claim against Service Employees International Union Local 503 (SEIU). Parker asserts that the trial court erred in concluding on the record before it that he could not establish that he was an employee of SEIU and, therefore, granting SEIU's motion for summary judgment. We agree and, accordingly, reverse and remand.

Parker and two other parties brought an action against SEIU that asserted a number of claims. One of Parker's claims was for employment discrimination under ORS 659A.030 based on his sex and age.[1] That claim was based on a letter from SEIU "insist[ing]" that he discontinue representing SEIU at certain orientations and training classes. In response, SEIU filed a motion for summary judgment, in which it only asserted that Parker was not an employee of SEIU and, therefore, was not entitled to bring a claim for employment discrimination. Parker responded that genuine issues of material fact existed regarding whether he was an employee of SEIU. Specifically, he averred that he was paid by SEIU to serve on its bargaining team, and pointed to documents in the record that supported his contention that he was SEIU's employee.

The trial court agreed with SEIU, concluding that there were no genuine issues of material fact and that, as a matter of law, Parker was not employed by SEIU and that, therefore, SEIU was entitled to summary judgment. *See* ORCP 47 C (court shall grant motion for summary judgment if "the pleadings, depositions, affidavits, declarations and admissions show that there is no genuine issue as to

---

[1] Pursuant to ORS 659A.030(1)(b), it is an unlawful employment practice for

"an employer, because of an individual's race, color, religion, sex, sexual orientation, national origin, marital status or age if the individual is 18 years of age or older, or because of the race, color, religion, sex, sexual orientation, national origin, marital status or age of any other person with whom the individual associates, or because of an individual's juvenile record that has been expunged pursuant to ORS 419A.260 and 419A.262, to discriminate against the individual in compensation or in terms, conditions or privileges of employment."

any material fact and that the moving party is entitled to prevail as a matter of law"); *id.* ("No genuine issue as to a material fact exists if, based upon the record before the court viewed in a manner most favorable to the adverse party, no objectively reasonable juror could return a verdict for the adverse party on the matter that is the subject of the motion for summary judgment.").

On appeal, Parker asserts that the summary judgment record includes evidence that he was an employee of SEIU and, at a minimum, there are genuine issues of material fact as to that issue that preclude summary judgment. SEIU, for its part, does not maintain, as it did in its summary judgment motion and arguments to the trial court, that Parker was not its employee. Instead, SEIU assumes that Parker *was* an employee as a result of his service on the union's "bargaining team," but contends that we should affirm the trial court's grant of summary judgment on a basis not raised before the trial court. According to SEIU, notwithstanding his employment as a bargaining team member, Parker's right to "volunteer his time to provide orientations" and training classes was not a "term, condition or privilege" of that employment for purposes of ORS 659A.030(1)(b), and, therefore, he "suffered no actionable discrimination when * * * union officers insisted that he not provide" those services. SEIU acknowledges that no Oregon appellate court has addressed the issues raised by its alternate basis for affirmance, and that cases from other jurisdictions have not addressed circumstances like those in this case, but asserts that those cases "offer some guidance." Parker responds that we should not affirm the trial court's ruling on that alternative basis, asserting, in part, that had that issue been raised before the trial court, he would have developed different arguments and submitted different evidence, thereby creating a different record. *See Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 20 P3d 180 (2001).

We agree with Parker that the trial court erred in granting summary judgment based on the conclusion that Parker was not an employee of SEIU. Given the evidence in the summary judgment record pertaining to Parker's compensated service as a member of SEIU's bargaining

team, SEIU's anticipatory assumption in that regard is well founded.

We further decline SEIU's invitation to affirm on a novel alternative basis for affirmance. We observe that we *may* affirm a trial court on a "right for the wrong reason" basis when certain conditions are met:

> "The first condition is that, if the question presented is not purely one of law, then the evidentiary record must be sufficient to support the proffered alternative basis for affirmance. That requires: (1) that the facts of record be sufficient to support the proffered alternative basis for affirmance; (2) that the trial court's ruling be consistent with the view of the evidence under the alternative basis for affirmance; and (3) that the record materially be the same one that would have been developed had the prevailing party raised the alternative basis for affirmance below. In other words, even if the record contains evidence sufficient to support an alternative basis for affirmance, if the losing party might have created a *different* record below had the prevailing party raised that issue, and that record could affect the disposition of the issue, then we will not consider the alternative basis for affirmance. The second condition is that the decision of the lower court must be correct for a reason other than that upon which the lower court relied. Third, and finally, the reasons for the lower court's decision must be either (a) erroneous or (b) in the reviewing court's estimation, unnecessary in light of the alternative basis for affirmance."

*Id.* at 659-60 (emphasis in original). However, "our consideration of an alternative basis for affirmance is a matter of prudential discretion and not compulsion." *Biggerstaff v. Board of County Commissioners*, 240 Or App 46, 56, 245 P3d 688 (2010) (declining to exercise discretion to address alternative basis for affirmance, noting that, although failure to raise an issue before the trial court "is not preclusive of our consideration where proffered alternative bases for affirmance are purely legal and do not implicate factual determinations, that posture can militate against our consideration in the first instance"); *see also State v. Kolb*, 251 Or App 303, 311-12, 283 P3d 423 (2012) (emphasizing that appellate court's consideration of alternative basis for affirmance is a matter of discretion and declining to address

belated proffered alternative basis because, regardless of whether the record might have been different had that contention been raised before the trial court, "the fact remains that to address [the] contention meaningfully would require us, in the first instance—without legal record development or any real assistance from the parties—to decide difficult, nuanced, and systematically significant issues").

Here, we agree with Parker that we should not address the alternative basis for affirmance advanced by SEIU. As noted, SEIU's summary judgment motion was based solely on its contention that Parker was not an employee, and did not raise the issue of whether his ability to volunteer to conduct the orientations and training classes at issue was a term, condition, or privilege of employment. Regardless of whether development of a different factual record would affect the disposition of that issue, to address that contention on appeal would require us, in the first instance, without development of the record or legal arguments below, to decide a significant issue of first impression. We decline to exercise our discretion to do that.

Reversed and remanded.